UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



| | |
|---|---|
| NORMA HEESE, for<br>FRED HEESE (deceased),<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration,<br><br>    Defendant. | CIV. 08-5053-RHB<br><br><br><br><br><br>ORDER REVERSING<br>DECISION<br>OF COMMISSIONER |

Plaintiff applied for Social Security Disability Insurance benefits. The Administrative Law Judge (ALJ) issued a partially favorable decision, awarding benefits but not to the extent sought by plaintiff. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir.

1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v.

Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND

Plaintiff was born on December 27, 1962, making him 42 years old on the date of his alleged disability onset. Administrative Record (AR) 42. On June 21, 2005, plaintiff filed for benefits, alleging disability commencing on January 1, 2005. AR 42-44. Plaintiff alleged disability due to chronic lung disease. AR 56. Plaintiff's claim was denied, and he appealed to the ALJ.

Plaintiff died on March 6, 2007. AR 151. His death was due to advanced-stage AIDS. AR 266-68. Nevertheless, the ALJ held a hearing on plaintiff's application for benefits on May 30, 2007. AR 14. Plaintiff's mother, Norma Heese, appeared in lieu of plaintiff. Id. Plaintiff was represented by counsel.

The ALJ issued his decision on July 20, 2007. AR 14-23. The ALJ found that plaintiff did not engage in substantial gainful activity after his alleged disability onset date of January 1, 2005. AR 17. The ALJ also found that plaintiff was disabled as of

3

August 31, 2006. As such, the ALJ awarded benefits from that date until the date of plaintiff's death, March 6, 2007. AR 23. However, the ALJ found that plaintiff was not entirely credible, and that he retained the residual functional capacity to perform medium work until August 31, 2006. AR 19, 21. Accordingly, the ALJ denied benefits for the time period between January 1, 2005, and August 30, 2006.

The present appeal followed. The time period at issue in this appeal is the 20 months between plaintiff's alleged disability onset date of January 1, 2005, and the date upon which the ALJ awarded benefits, August 31, 2006.

## DISCUSSION

Plaintiff alleges that he became disabled in January of 2005 when he was no longer able to continue working full-time as a result of what he thought at the time was a severe exacerbation of his asthma. Plaintiff first sought treatment for this condition on June 7, 2005. AR 197. Plaintiff was reluctant to seek medical treatment earlier due to the fact that he did not have health insurance and was unable to afford treatment. AR 188. Plaintiff was prescribed medication and initially reported some improvement. AR 190. However, his lung problems persisted, and on August 3, 2005, Dr. Duff McCafferty, a pulmonary specialist, diagnosed plaintiff with interstitial lung disease. AR 184. Dr. McCafferty indicated that this "is a potentially life threatening problem," and noted that plaintiff "has refused to come in for further evaluation due to lack of insurance and cost."

4

Doctors were unable to determine the cause of plaintiff's ailment. In retrospect it seems clear that the lung condition was related to plaintiff's HIV-positive status. In fact, plaintiff has submitted medical evidence supporting this contention, which will be discussed below. However, plaintiff initially denied any risk factors for HIV infection, and no blood tests were performed to either confirm or deny this until April 30, 2006, when plaintiff admitted himself to the emergency room due to severe dehydration and shortness of breath. AR 200-213. Emergency room physicians suspected HIV/AIDS, and plaintiff's blood tests revealed that he was in fact HIV-positive. Id.

Plaintiff was devastated by the diagnosis and wished to keep his family – and even his attorney – from knowing. AR 136, 280. It was not until August of 2006, when plaintiff's attorney received medical records from plaintiff's April 30, 2006, emergency room visit, that plaintiff admitted to his attorney that he was HIV-positive. Plaintiff was authorized and accepted home health and hospice care in August of 2006. AR 239-56. He was hospitalized in January and again in February of 2007 with advanced-stage AIDS. AR 264-71. He died at the Rapid City Regional Hospital on the morning of March 6, 2007, from advanced AIDS related illnesses. AR 151.

**A.   Dr. Stone**

Resolution of this case turns entirely on the opinion of Dr. Kurt Stone, of the Rapid City Regional Hospital's Family Practice Residency Clinic, and the ALJ's evaluation of Dr. Stone's opinion. Dr. Stone submitted a two-page letter offering the

opinion that plaintiff's disease, "i.e., HIV/AIDS, became clinically apparent and disabling in March 2005." AR 272-73. Dr. Stone based his opinion on a number of factors. First, plaintiff was a patient at Dr. Stone's clinic, and Dr. Stone (and other doctors at the clinic) had treated plaintiff after plaintiff had presented there for advanced HIV/AIDS in early 2007. Id.; Docket #18-2. Second, Dr. Stone had reviewed copies of plaintiff's medical records from February 2002 through the time plaintiff began treatment at Dr. Stone's clinic. AR 272. Third, Dr. Stone evaluated plaintiff's blood counts, and based thereon stated the following:

> Evaluation at our clinic reveals [plaintiff] has a CD4 count of 1, normal being 312 or greater, and a viral load of 56,000 copies per ml, consistent with advanced, progressed HIV/AIDS. ... The natural progression of AIDS/HIV is relatively slow and progressive. Presenting with a CD4 count of 1 in 2007 would be consistent with [plaintiff] having a significantly depressed CD4 count in early 2005.

Id.

The ALJ rejected Dr. Stone's opinion for being speculative. Specifically, the ALJ found that "Dr. Stone assumes that [plaintiff's] CD4 count was low for the last two years and there is no medical evidence to verify that." AR 21. The ALJ concluded that it was "speculative to assume that [plaintiff's] HIV/AIDS was clinically apparent and disabling in March 2005." Id.

The ALJ also found that Dr. Stone was not a treating physician, and therefore was not entitled to the substantial weight ordinarily afforded to treating medical source

6

opinions. See 20 C.F.R. § 404.1527(d)(1) (examining physicians are entitled to greater weight than the non-examining or non-treating physicians). This finding is not supported by substantial evidence. Medical records clearly indicate that Dr. Stone was one of plaintiff's treating physicians. Docket #18-2. These medical records, for reasons unknown to the Court, did not make their way into the administrative record. Plaintiff's counsel indicates that the records were included with a letter written to the ALJ prior to the hearing. However, the ALJ's opinion suggests that he was not aware of the records. In any event, plaintiff has filed a motion to supplement the record with these records, to which the government has not objected. Docket #17. As such, the Court will consider these medical records as part of the overall record of this case.

The supplemental medical records consist of treatment notes made by physicians at the clinic plaintiff was treating at just months before his death. Docket #18-2. The treatment notes are signed by Dr. Stone. These notes establish conclusively that Dr. Stone was a treating physician. Dr. Stone's opinion constitutes the most compelling medical evidence in support of plaintiff's claim. Finding Dr. Stone to be a non-treating physician led the ALJ to fail to afford proper weight to Dr. Stone's opinion. Not only is a treating physician's opinion entitled to significant weight, it is entitled to *controlling* weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other evidence in the record. 20

C.F.R. § 404.1527(d)(2). The ALJ's failure to afford proper weight to Dr. Stone's opinion constitutes reversible error and renders the ALJ's decision not supported by substantial evidence.

The only question left for the Court is whether to remand this matter for further hearing or to award benefits directly. The Court feels that an award of benefits is warranted under the circumstances of this case. First, Dr. Stone's opinion that plaintiff was disabled as of March, 2005, is supported by medically acceptable clinical and laboratory diagnostic techniques, in particular an evaluation of plaintiff's blood counts. Further, Dr. Stone's opinion is not inconsistent with any other evidence in this record. In fact the opposite is true; Dr. Stone's opinion is fully consistent with the entire record before the Court, in particular the third-party lay statements offered by plaintiff's mother, Norma Heese, plaintiff's friend, Vickie Phillips, and plaintiff's landlord, Russell Harris. AR 86-93; 138-142; 103-110; 111-118. These statements are consistent with one another and consistent with Dr. Stone's opinion that plaintiff was disabled in March, 2005.

These statements also bring this matter under the ambit of Jones v. Chater, 65 F.3d 102 (8th Cir. 1995). In Jones, the Eighth Circuit held that a retrospective medical diagnosis constituted relevant evidence of an earlier disability. Id. at 104. The Jones court explained that "retrospective medical opinions alone will usually not suffice

8

unless the claimed disability date is corroborated, as by subjective evidence from lay observers like family members." Id. This is precisely what the Court sees in this case: a retrospective opinion from Dr. Stone, which is properly and completely corroborated by subjective evidence from lay observers, namely Norma Heese, Vickie Phillips, and Russell Harris. AR 86-93; 138-142; 103-110; 111-118. The Court thus finds Jones to be controlling to the case at hand.

## CONCLUSION

Dr. Stone, a treating physician, opined that plaintiff was disabled due to HIV/AIDS as of March, 2005. The Court finds Dr. Stone's opinion to deserve controlling weight, both pursuant to agency regulations and case law. 20 C.F.R. § 404.1527(d)(2); Jones v. Chater, 65 F.3d 102 (8th Cir. 1995). Accordingly, it is hereby

ORDERED that the ALJ's decision is reversed.

IT IS FURTHER ORDERED that defendant shall award plaintiff Social Security disability insurance benefits beginning on March 1, 2005, and through the date of his death on March 6, 2007.

Dated this 7th day of October, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE